768 P.2d 804

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Keith Dart BYBEE,
Defendant–Appellant.**

**No. 17277.**

Court of Appeals of Idaho.

Jan. 23, 1989.

M. Karl Shurtliff, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Keith Bybee was convicted of and sentenced for the crime of grand theft. Bybee appeals from the district court's order denying his motion under I.C.R. 35 for correction of a restitutionary order and for reduction of the sentence. The issues are whether the district court abused its discretion in denying Bybee's Rule 35 motion, whether the district court abused its discretion in ordering restitution and, if not, whether the district court erred in determining the amount of restitution. We affirm.

Bybee pled guilty to grand theft of precious metals, or the monetary value they represented, from numerous victims. The victims were Bybee's former clients in his investment service. The theft occurred when the value of the victims' metals was used to meet margin calls for speculative trading in which Bybee was engaged. Bybee also used the victims' remaining monies in further speculation, ultimately losing all of the victims' invested assets. The district court sentenced Bybee to the custody of the State Board of Correction for an indeterminate fourteen-year term and ordered Bybee to pay $1,500,035 in restitution.

Bybee filed his Rule 35 motion challenging the sentence he received and the order of restitution.[1] Following a hearing on the motion, the district court amended the order of restitution by listing separately each victim and the amount to be restored, adjusting the total amount to $1,628,738. The court was not persuaded to reduce the sentence it imposed. This appeal followed.

Initially, we note that Bybee did not provide on appeal the transcripts of his sentencing hearing or of the hearing on his Rule 35 motion. It is the appellant's duty to furnish an adequate record on appeal so that it can be reviewed properly for error. *Parsons v. State*, 113 Idaho 421, 745 P.2d 300 (Ct.App.1987). Absent such material, meaningful appellate review is hampered.

We first consider the denial of Bybee's Rule 35 motion. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was for any reason unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The criteria for evaluating a ruling on a motion to reduce a sentence under Rule 35 are the same as those applied in reviewing the sentence itself. *Id. See State v. Toohill*, 103 Idaho 565, 650

---

1. We note that relief from a restitution order cannot be pursued by motion under I.C.R. 35. *Instead*, a defendant may, within forty-two days of the entry of the restitution order, appeal the order or request relief from the order in accord-ance with I.C. § 19–5304(10). However, the state has raised no issue regarding this apparent procedural error. Because Bybee timely appealed from the restitution order we will consider the issue on appeal. I.A.R. 11(c)(9).

P.2d 707 (Ct.App.1982). Accordingly, where (as in this case) the sentence and the Rule 35 order are challenged in the same appeal and upon the same factual record, the appeal presents a unified issue—whether the sentence is excessive.

■ The sentence Bybee received is within the maximum term of fourteen years for grand theft. I.C. § 18–2408(2). At sentencing, and in his Rule 35 motion, Bybee requested leniency in light of his age, his need to be with his wife and his desire for probation so he could earn money to pay restitution. These arguments are not sufficient to show that the sentence was excessive under the *Toohill* criteria. Without the transcripts of the sentencing hearing and the Rule 35 motion hearing, we are unable to determine whether any other pertinent facts were presented to the district judge. Bybee's sentence is strict. However, upon the present record we cannot say that the district court abused its discretion in denying Bybee's motion to reduce his sentence.

■ We next turn to the restitution issues. Pursuant to I.C. § 19–5304(2) a trial court "shall order" restitution to the victim where the defendant is found guilty of a crime which results in economic loss to the victim, unless the court determines restitution is inappropriate or undesirable. In determining whether restitution is appropriate the court shall consider the factors set forth in I.C. § 19–5304(7). The decision whether to order restitution is within the trial court's sound discretion, guided by the factors cited above and by the policy favoring full compensation to crime victims who suffer economic loss. We will not interfere with an order of restitution unless an abuse of discretion is shown. An abuse of discretion may be shown if the order of restitution was the result of arbitrary action rather than logical application of proper factors in I.C. § 19–5304(7).

■ Bybee calls our attention to the following factors he contends were improperly applied: his financial needs and earning ability and his immediate inability to pay restitution. Bybee is sixty-one years old, has no present assets, and is now serving an uncertain period of incarceration under an indeterminate fourteen-year sentence. He correctly points out that while he is serving his prison sentence he is prevented from earning any significant amounts of money for restitution. This presents the quandry of requiring a criminal defendant to pay a debt to his victims through restitution while he is paying a debt to society through incarceration.

The district court's memorandum order cites the applicable factors for determining whether to order restitution. The court recognized that Bybee has no present earning capacity or ability to pay. However, the court noted that Bybee has the business acumen to earn money for restitution upon his eventual release from prison. Moreover, the immediate inability to pay restitution would not, in and of itself, bar the court from ordering restitution. I.C. § 19–5304(7). The court may order restitution in contemplation of a future ability to pay, thereby saving the victims the cost and inconvenience of a separate civil proceeding.

Given the magnitude of the amounts involved here, we believe it unlikely that Bybee will ever meet the full amount of restitution ordered. But, in the event Bybee is able to obtain some assets, the victims should have ready access to the assets for satisfaction of their losses. The order of restitution will provide the essential avenue of relief to the victims. The order may be recorded as a judgment and the victims may execute as provided by law for civil judgments. I.C. § 19–5305.

If the order required Bybee to make installment payments or if it had set a deadline for paying restitution, we would be inclined to vacate the order. As it now stands, however, the order simply gives the victims the present ability to obtain a judgment. We see nothing wrong with that. We believe the district court acted properly, not arbitrarily, in ordering restitution. Consequently, the order of restitution will not be disturbed on this appeal.

Finally, Bybee questions whether the district court correctly determined the amount

of restitution. He avers that all persons named in the order of restitution are not victims; some of them are general creditors. He further argues that the amount should be calculated on the value of the precious metals at the time of loss to reflect normal market fluctuations.

The determination of the amount of restitution is a question of fact for the trial court. Findings on the amount of restitution—the victim's economic loss—will not be disturbed on appeal if supported by substantial evidence. We have not been shown that the district court erred in determining who the victims were. The victims shown in the order of restitution were taken from a listing of victims in the presentence investigation report. Moreover, the victims named in the order are the same as those named in the prosecutor's information to which Bybee pled guilty. Bybee has not demonstrated an error based upon the scanty record before us.

Under I.C. § 19–5304(1)(a), restitution is for economic loss which includes, but is not limited to, the market value of the stolen property at the time and place of the crime. See I.C. §§ 19–5304(1)(c) and 18–2402(11). In determining the amount of restitution here, the district court relied upon ledger sheets supplied by the presentence investigator, showing the "loss value" of the victims' assets. However, the record is inadequate to frame a factual issue with regard to the amount of restitution because it fails to show what dates were used in valuing the various assets stolen or how those dates resulted in prejudice to Bybee. Error will not be presumed on appeal but must be affirmatively shown by an appellant. State v. Crawford, 104 Idaho 840, 663 P.2d 1142 (Ct.App.1983).

The order denying the Rule 35 motion, and denying relief from the prior order of restitution, is affirmed.