IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42491

| STATE OF IDAHO, | ) | 2016 Opinion No. 18 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 2, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID N. BURGGRAF, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Gregory W. Moeller, District Judge.

Order granting restitution and order denying motion for reconsideration, affirmed; order denying Idaho Criminal Rule 35, affirmed.

Sara B. Thomas, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

David N. Burggraf appeals from the oral order granting restitution and the order denying his Idaho Criminal Rule 35 motion.[1] For the reasons set forth below, we affirm.

## I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

While attending a family wedding, Burggraf became intoxicated and engaged in a physical altercation with his wife.[2] Following the fight, Burggraf drove away from the wedding and wrecked the family's vehicle. Burggraf was charged and pleaded guilty to felony driving

---

[1] No order awarding restitution was ever filed in the district court. While an amended order of restitution was filed, it is not a part of the record on appeal.

[2] A divorce action was pending during the criminal case, but the divorce was not finalized until after the criminal case was concluded.

under the influence. He was sentenced to a unified sentence of ten years, with four years determinate. Burggraf filed an I.C.R. 35 motion and presented testimony at a hearing in support of his argument that his sentence should be reduced because he was provoked to drive under the influence and because the length of his sentence was preventing him from receiving programming from the Idaho Department of Correction. The district court denied the I.C.R. 35 motion.

At the time Burggraf entered his guilty plea, he informed the court that he anticipated the State would seek restitution for the blood draw, and he would not object to a restitution order for that amount. No other discussion about restitution was placed on the record at that hearing. At the sentencing hearing, the court indicated that it would order restitution if the State filed a request. Apparently, the State's motion seeking restitution was not filed with the court, although Burggraf received a copy and filed an objection to the State's request. A hearing was held on Burggraf's objection to the request for payment in the amount of $500 to his wife to cover the cost of the vehicle insurance deductible resulting from the damage caused by Burggraf's wrecking the family vehicle. He argued that the insurance payment and deductible should be considered community property and not subject to restitution. The district court, relying on the evidence in the record, determined the deductible was a payment that would normally be considered restitution in this type of case, and restitution would be awarded in the amount of $500. The court determined that any concerns about the application of community property should be addressed in the pending divorce case. Burggraf filed a motion for reconsideration, arguing his wife was not entitled to recover the deductible because if the accident had not been the result of a crime, she would not have been entitled to that money. However, the district court denied the motion finding that the victim was entitled to be put in the position she would have been before the accident to the extent possible. In this case, the wife was entitled to recover the $500 deductible subtracted from the insurance payout because she was not responsible for the damages done to her vehicle. The district court denied the motion for reconsideration and affirmed its order awarding Burggraf's wife restitution in the amount of $500. Burggraf appeals.

## II.

## ANALYSIS

### A.     Restitution

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). The court, in determining whether to order restitution and the amount of restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. I.C. § 19-5304(7). There must be a causal connection between the conduct for which the defendant is convicted and the damages the victim suffers. *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012).

In *Hill*, we rejected the appellant's argument that he should not be required to fully reimburse the other members of the victim's limited liability company because he owned a one-third interest in the firm. We determined that it "would be an anomaly for Hill to profit by his own wrongdoing, by receiving credit for one-third of the economic loss caused to the firm by his own misappropriations." *Id*. at 213, 296 P.3d at 419. We held that we would not interpret "the description of economic loss in the restitution statute to require apportionment of funds unlawfully taken from the firm correlative to any interest of the defendant therein." *Id*.

We will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In this case, the district court did not abuse its discretion in awarding restitution to Burggraf's wife. The district court recognized this decision was a matter of discretion, and the

decision is consistent with the applicable legal standards. The district court determined Burggraf's wife was a victim entitled to compensation because she suffered economic loss when Burggraf totally destroyed the family vehicle while driving under the influence of alcohol. The court further recognized the victim's right to be compensated for economic loss--here, $5,700 as determined by the insurance company, and more specifically, the loss of $500 she had to pay as her insurance deductible. The district court correctly determined that absent having to make an insurance claim to her own insurance company, the victim would have received the entire $5,700 from the insurance company rather than $5,200 ($5,700 less the $500 deductible). Thus, the district court's decision is consistent with the policy of the restitution statute to make the victim whole.

Further, the district court did not err in denying Burggraf's claim that the $500 should be considered community property and as such, Burggraf was responsible for the entire amount. The district court's order is consistent with our decision in *Hill* as it recognizes that Burggraf should not benefit from his wrongdoing by avoiding a restitution payment or being responsible for only half of the payment, simply because his wife was the victim. We cannot conclude the district court erred in its determination that the community property issue should be left to the jurisdiction of the magistrate presiding over the divorce action. The district court's order granting restitution and the order denying the motion for reconsideration are affirmed.

## B.     Idaho Criminal Rule 35 Motion

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Burggraf asserts that he provided the court with new information that the court failed to consider in denying the I.C.R. 35 motion. First, Burggraf argues the district court erred in not considering the new information that supports his claim that he was provoked to drive under the influence of alcohol. He contends the testimony presented demonstrated that he was uncomfortable attending the wedding because he was on parole and did not want to associate with people who were drinking. In addition, he testified that he was provoked into driving after

4

consuming five alcoholic beverages because his ex-wife's family was threatening to attack him. Second, he claims the district court failed to consider the information that due to the length of his sentence, he is not eligible to participate in programming until he has served a significant part of the determinate portion of his sentence.

In denying the I.C.R. 35 motion, the district court affirmed that the sentence imposed was due in part to the defendant's extensive criminal history, including two prior driving under the influence offenses. The court also noted Burggraf was on probation for two prior felony convictions at the time this offense was committed. In addition, the court noted it had considered the mitigating factors presented at the time of sentencing, but that it had also given consideration to the seriousness of the charges and the surrounding circumstances. The comments from the district court show that it considered the new information, but did not find the arguments so compelling as to warrant a modification of the imposed sentence that was appropriate under the circumstances of the case and Burggraf's criminal history. Upon review of the record, including any new information submitted with the I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying the I.C.R. 35 motion is affirmed.

## III.

## CONCLUSION

For the reasons set forth above, we affirm the restitution order granting the victim $500 restitution for the vehicle insurance deductible because Burggraf's wife was a victim entitled to compensation for the economic loss suffered due to Burggraf's criminal conduct. Next, we affirm the order denying motion for reconsideration. Last, we affirm the order denying Burggraf's I.C.R. 35 motion.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.

5