## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44216

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 416 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 27, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ZACKERY DOUGLAS ADAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and sentences of a unified term of fourteen years, with a minimum period of confinement of eight years, for grand theft and a consecutive indeterminate term of five years for unlawful possession of a firearm, affirmed; judgment of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge
_____

PER CURIAM

Zackery Douglas Adams pled guilty to grand theft (I.C. § 18-2403(1), 18-2407(1)(b), and 18-2409) and unlawful possession of a firearm (I.C. § 18-3316). In exchange for his guilty pleas, additional charges were dismissed including an allegation that he was a persistent violator. The district court sentenced Adams to a unified term of fourteen years, with a minimum period of confinement of eight years, and a consecutive indeterminate term of five years for unlawful

1

possession of a firearm. The district court entered a judgment ordering Adams to pay restitution in the amount of $267. Adams appeals.

Adams argues that his sentences are excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Adams also argues that the district court failed to adequately consider Adams' ability to pay when ordering restitution in the amount of $267. Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). We will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. Idaho Code Section 19-5304(7) provides that an inability to pay is not, in and of itself, a reason not to order restitution. Thus, Adams has failed to show that the district court erred.

Therefore, Adams' judgment of conviction and sentences and the judgment of restitution are affirmed.