**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44958/44968**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 24, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAMIAN A. AYARZAGOITIA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction for burglary and aggravated battery with a deadly weapon enhancement, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Damian A. Ayarzagoitia appeals from his judgment of conviction entered pursuant to a guilty plea. On appeal, he argues the district court abused its discretion when imposing his sentence, denying his Idaho Criminal Rule 35 motion, and awarding restitution to the Crime Victims Compensation Program (CVCP). For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying record reflects that Ayarzagoitia and an accomplice entered a business which had been cleaned by a janitorial company, Ayarzagoitia's former employer, using a copy of a key Ayarzagoitia had made while employed there. He and his accomplice stole a computer, a bicycle, and bottles of alcohol and poured substances on surfaces and equipment in the office.

1

Ayarzagoitia was thereafter charged with one count of burglary, one count of misdemeanor malicious injury to property, and three counts of petit theft. Several days after the burglary and theft took place, Ayarzagoitia organized an attack on a man. Ayarzagoitia and two others participated in the attack in which the victim was stabbed four times in the neck and head. This incident led to Ayarzagoitia being charged with aggravated battery, with a deadly weapon enhancement, and a persistent violator sentence enhancement.

Pursuant to a plea agreement, Ayarzagoitia pled guilty to one count of burglary, Idaho Code § 18-1401, and one count of aggravated battery, I.C. § 18-907(1)(a), with a deadly weapon enhancement, I.C. § 19-2520. The State dismissed the other charges and the persistent violator enhancement. The district court imposed a unified sentence of thirty years, with twenty years determinate, for the enhanced aggravated battery conviction and ten years indeterminate for the burglary conviction. The district court ordered the sentences to run consecutively, resulting in an aggregate sentence of forty years, with twenty years determinate. The district court also ordered restitution in the amount of $59,283.32, which included $25,000 in restitution to CVCP, to be paid jointly and severally with Ayarzagoitia's co-defendants. Thereafter, Ayarzagoitia filed a pro se Rule 35 motion, which was denied. Ayarzagoitia timely appeals from his judgment of conviction.

## II.

## ANALYSIS

### A. Excessive Sentence

Ayarzagoitia asserts that his unified sentence of forty years, with twenty years determinate, is excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the

2

sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Ayarzagoitia asserts there are mitigating factors that warrant a less severe sentence. He argues the district court abused its discretion by not properly considering his expressed remorse and serious mental illnesses. Ayarzagoitia cites *State v. Alberts*, 121 Idaho 204, 824 P.2d 135 (Ct. App. 1991), as support in factoring in his expression of remorse and his taking full responsibility for his actions. In that case, this Court held that the defendant's sentence was unduly harsh given his expressed remorse, recognition and willingness to accept treatment for pedophilia, and other positive attributes of his character; it ordered the modification of his two, unified sentences of fifteen years (each with a five-year minimum period of confinement) to be served concurrently. *Id*. at 209, 824 P.2d at 140. Ayarzagoitia notes that he asked the prosecutor to tell the victim Ayarzagoitia was sorry, and even after the State initially offered to dismiss the misdemeanor charges in the burglary case as part of the plea agreement, Ayarzagoitia insisted on pleading guilty to all of the charged offenses because he wanted to take responsibility for his actions. However, a report from the mental health evaluator who conducted a face-to-face evaluation with Ayarzagoitia prior to sentencing indicates he was not remorseful.

Ayarzagoitia further cites *Hollon v. State*, 132 Idaho 573, 580, 976 P.2d 927, 934 (1999), for its holding that if mental condition is a significant factor, the district court is required to apply the factors of Idaho Code Section 19-2523, which sets forth various mental illness considerations in sentencing. Ayarzagoitia notes he was only thirty-nine years old at sentencing and had struggled to manage his various mental health conditions for decades. He points out he was a psychiatric hospital patient multiple times during his childhood and suffered physical abuse by his father and stepfather and during the psychiatric facility confinements.

Prior to imposing Ayarzagoitia's sentence, the district court discussed the governing objectives of criminal sentencing and stated it took both mitigating and aggravated factors into account. The district court specified the following regarding its consideration of Ayarzagoitia's age:

3

Twenty years from now you will be 59; pushing 60. I think there's at least some possibility over the course of those 20 years you might change your mind as to how you feel now and if so, there's at least some possibility that you may be able to get out. . . . So I haven't deprived you of that opportunity, but I've at least set it up so you have a choice to make 20 years from now.

The district court also detailed its contemplation of Ayarzagoitia's mental health issues, noting the nature of the disorder is difficult to treat:

I do take particular note that the defendant does have significant history of what appeared to be, to me, antisocial personality disorder and borderline personality disorder and intermittent explosive disorder and Tourette's Syndrome and a host of others.

. . . I concur generally in the recommendations of the experts that he does need intense mental health treatment, but it seems to me that defendant refuses that intense treatment and refuses to take any medications. And, therefore--and I think that part of that is because of the nature of the disorder, which is why the experts would generally tell you that antisocial personality disorder and borderline personality disorder are very refractive to treatment and largely that's because the people who suffer from these conditions, in fact, refuse treatment.

The district court discussed the cycle of people who have been hurt wanting to hurt others. This reference shows the court took into account the sufferings Ayarzagoitia endured as a child, but it also had an optimistic message for him. The court told Ayarzagoitia directly, "I believe you have it within your capacity to break that chain." The court continued by stating it hoped Ayarzagoitia would think about this as he continued with his life so that he could safely return to society at the end of his determinate sentence.

As noted, a sentence is reasonable if it is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution. In this case, the court applied the correct legal standard and acted within the bounds of its discretion. It considered Ayarzagoitia's age, mental health issues, his extensive criminal record, which included three prior felony convictions, and the seriousness of the crimes committed. The district court reasoned that a less severe sentence would depreciate the seriousness of Ayarzagoitia's crimes. The district court imposed a sentence it felt would achieve the goal of protecting society and related goals as it held that, at the time of sentencing, Ayarzagoitia was a danger to society. Ayarzagoitia has failed to show the district court abused its discretion when imposing his sentence.

4

**B.     Rule 35 Motion**

Ayarzagoitia further contends the district court abused its discretion when it denied his Rule 35 motion, asking the court to reduce his aggregate sentence to twenty years, with ten years determinate, and to suspend execution of the sentence in order to commit him to a state hospital for treatment. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Ayarzagoitia asserts that the newly submitted information regarding his management of his mental health conditions support a finding that the district court abused its discretion when it denied his Rule 35 motion. He maintains that while being given new medication, he will not otherwise receive additional treatment and has been denied housing in a behavioral health unit. He contends he may reoffend without additional treatment.

When denying the motion, the district court held that the sentences imposed are not excessively harsh given the violent nature of the crimes and Ayarzagoitia's lack of remorse. We agree. In response to Ayarzagoitia's assertions that he will not likely receive the treatment he needs while incarcerated and would likely reoffend, the district court stated that it considered the report from the mental health evaluator who conducted a face-to-face evaluation with Ayarzagoitia prior to sentencing. The district court concluded that the undertone of the findings was that Ayarzagoitia did not suffer from serious mental illness but, rather, personality disorders and poor lifestyle choices. Moreover, the report stated Ayarzagoitia was not remorseful and there was a high risk he would reoffend. The sentence imposed accomplishes the governing objectives of sentencing, including rehabilitation, and Ayarzagoitia has failed to show the district court abused its discretion when denying his Rule 35 motion.

5

## C.     Restitution

Ayarzagoitia contends the district court abused its discretion by ordering him to pay, jointly and severally with his co-defendants, $25,000 in restitution to CVCP.  Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime.  The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss.  *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989).  Thus, we will not overturn an order of restitution unless an abuse of discretion is shown.  *Richmond*, 137 Idaho at 37, 43 P.3d at 796.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Initially, we note Ayarzagoitia's argument that while acknowledging CVCP can be identified as a "victim" within the meaning of I.C. § 19-5304, he specifically contends the district court did not exercise reason because it did not give sufficient weight to his financial resources, earning ability, and the parameters of the CVCP.  Idaho Code Section 19-5304(2) specifies that a court "shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim" unless it determines it would be inappropriate.  The statute further provides that in determining restitution, the court "shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate."  I.C. § 19-5304(7).  Under this provision, inability to pay neither precludes nor limits a restitution award; rather, ability to pay is only one factor for a court's consideration when it makes a discretionary restitution determination.  *State v. Olpin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004).  The record reflects the district court considered Ayarzagoitia's financial resources.  His assertion that the court did not give sufficient weight to this factor is unconvincing.  In fact, the court noted that it believed this was a small amount of restitution given the emotional distress of the aggravated battery victim.  The court stated that the victim

6

continued to suffer significant emotional trauma and would be involved in significant long-term psychotherapy and counseling. The amount of restitution ordered was well within the bounds of discretion and, as noted by the district court, could have been substantially more. Ayarzagoitia failed to show the district court abused its discretion in awarding restitution to CVCP.

## III.

## CONCLUSION

Ayarzagoitia has failed to show the district court abused its discretion when imposing his sentence, denying his Rule 35 motion, or in ordering him to pay restitution to CVCP. Ayarzagoitia's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.