**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49153**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 20, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GREGORY ALEXANDER | ) **OPINION AND SHALL NOT** |
| HARDWICK, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction and sentence of five years, with four years determinate, for felony injury to a child, <u>affirmed</u>; order denying motion to modify restitution, <u>reversed</u> and <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Gregory Alexander Hardwick appeals from the order denying the State's motion to modify the restitution award and judgment of conviction for felony injury to a child. For the reasons stated below, we reverse the order denying the motion to modify restitution and affirm Hardwick's judgment of conviction and sentence. We remand the case for proceedings consistent with this opinion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hardwick pleaded guilty to felony injury to child, Idaho Code § 18-1501(1), for slapping and punching R.H. Pursuant to a plea agreement in this case, Hardwick agreed to pay restitution

1

in "an amount to be determined or in an amount of TBD." Prior to sentencing, the State submitted documentation that reflected St. Luke's Regional Medical Center sustained an economic loss of $1,028.00 for medical care provided to R.H. Based upon the information provided in the documents, Hardwick did not contest that St. Luke's qualified as a victim pursuant to statute or that the $1,028.00 represented St. Luke's economic loss. Hardwick agreed to pay restitution to St. Luke's for its economic loss of $1,028.00. The district court imposed a unified sentence of five years, with four years determinate, suspended the sentence, and placed Hardwick on probation for five years. The district court also ordered Hardwick to pay St. Luke's $1,028.00 in restitution.

Shortly thereafter, the State, on behalf of St. Luke's, filed a motion to modify the restitution order from $1,028.00 to $608.07 because a third party, Medicaid, paid St. Luke's a portion of the cost of R.H.'s medical care. The State included three payment records showing the payments from Medicaid to St. Luke's, but the State did not seek to reapportion restitution, add Medicaid as a victim, or seek restitution on behalf of Medicaid. The district court denied the motion, finding that $1,028.00 accurately represented the economic loss suffered and there was no mechanism for the court to modify its original restitution order. The district court also stated: "If Medicaid no longer believes it is owed the amount the court ordered Mr. Hardwick to repay, then Medicaid can simply file a satisfaction of judgment when the smaller amount has been collected." Hardwick appeals.

## II.

## STANDARD OF REVIEW

A trial court's order of restitution is reviewed for an abuse of discretion. *State v. Foeller*, 168 Idaho 884, 887, 489 P.3d 795, 798 (2021). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hardwick argues the district court erred in denying the State's motion to modify the restitution amount owed to St. Luke's to reflect its actual economic loss. Specifically, Hardwick argues the district court incorrectly believed Medicaid was a victim; did not recognize it had the

2

discretion to modify the original restitution order; did not act within the outer bounds of its discretion or consistently with applicable legal authority; and incorrectly concluded the alternate remedy, i.e., a satisfaction of judgment filed by Medicaid, was adequate. Additionally, Hardwick alleges the district court erred by imposing an excessive sentence. In response, the State argues the district court did not err.

A.     **The District Court Abused Its Discretion in Denying the State's Motion to Modify the Restitution Order**

Hardwick argues the district court abused its discretion when it did not understand it had the discretion to modify the restitution order and did not act within the applicable legal parameters or reach its decision by an exercise of reason when it held that there was no showing the original amount was erroneously entered and that I.C. § 19-5304 did not provide a mechanism for the district court to amend the order. Hardwick argues these errors are compounded by the district court's misunderstanding that Medicaid was a named victim for whom restitution was sought or on whose behalf restitution was ordered. In response, the State argues Hardwick failed to preserve a challenge to the district court's denial of the motion to reduce restitution. Even if the issue was preserved, the State alleges the district court did not err in denying the motion to modify the restitution order because Hardwick agreed to pay $1,028.00 in restitution, Medicaid was entitled to restitution because it was a victim pursuant to I.C. § 19-5304, and Medicaid suffered an economic loss in the amount it paid to St. Luke's on behalf of R.H.

Idaho Code § 19-5304(2) authorizes a trial court to order a defendant to pay restitution for economic loss to the victim of a crime. A "victim" is defined as "a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e)(i). "Economic loss" is defined as "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct." I.C. § 19-5304(1)(a).

Whether to order restitution and in what amount is within the trial court's discretion, guided by consideration of the factors in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). The appropriate amount of restitution is a question of fact for the trial court, *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010), and must be based on a preponderance of evidence. *State v. Smith*, 144 Idaho 687, 695, 169 P.3d 275, 283 (Ct. App. 2007); *see also* I.C. § 19-5304(6).

This Court will not disturb a trial court's restitution findings if substantial evidence supports those findings. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013). Substantial evidence may support a restitution order even if the evidence is conflicting. *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013).

We first address the State's preservation argument. The State argues Hardwick's argument is not preserved because he did not contest the $1,028.00 order of restitution, did not file a motion to modify, or seek a reapportionment of the amount between St. Luke's and Medicaid. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, where the theory and the parties' argument is presented and ruled on, the issue is preserved for appellate review. *See State v. Hoskins*, 165 Idaho 217, 221, 443 P.3d 231, 235 (2019) (holding issues must be raised in trial court and parties will be held to theory upon which case was presented). The theory in the district court--that St. Luke's was not entitled to restitution in an amount greater than the actual economic loss it incurred--is the same as the argument presented on appeal. Consequently, the issue is preserved for review.

While it is true that Hardwick agreed to pay $1,028.00 in restitution to St. Luke's, Hardwick's agreement was premised upon two facts: (1) St. Luke's was the named victim; and (2) the State documented that St. Luke's suffered a $1,028.00 economic loss at the time it initially sought restitution. Nothing in the record indicates Hardwick agreed to pay restitution to unnamed victims or in an amount greater than the economic loss actually suffered by St. Luke's. Second, that Hardwick did not file the motion to modify restitution is not dispositive of the outcome. The State filed the motion to modify the restitution order and set forth the reasons for the motion. Hardwick did not object, demonstrating at least acquiescence in, if not adoption of, both the motion and the reasons for the motion. The district court then denied the motion on the merits.

Accordingly, both the issue and the parties' position on the motion were raised in the district court. We now turn to the merits of Hardwick's challenge to the district court's denial of the motion to modify the restitution order. In reaching its decision to deny the State's motion to modify the restitution order, the entirety of the district court's reasoning was as follows:

4

The State moves this court to decrease the amount of economic loss it determined was suffered by the federal government's Medicaid program on behalf of the directly injured victim of Mr. Hardwick's crime pursuant to I.C. [§] 19-5304. The State's motion does not articulate why the State believes the court erred in determining that figure in the first instance. The motion is denied. There is no mechanism in I.C. [§] 19-5304 for amending such orders once entered and the State has not cited to any of the rules of civil procedure that govern amendments of money judgments after they are entered with the clerk. If Medicaid no longer believes it is owed the amount the court ordered Mr. Hardwick to repay, then Medicaid can simply file a satisfaction of judgment when the smaller amount has been collected. If Mr. Hardwick thinks the court erred in determining that figure, he can appeal.

We agree with Hardwick that the district court abused its discretion in denying the State's motion to modify the restitution order. First, the factual underpinning of the district court's denial of the motion to modify the restitution order is not supported by substantial and competent evidence. The district court held, "The State moves this court to decrease the amount of economic loss it determined was *suffered by the federal government's Medicaid program* on behalf of the directly injured victim of Mr. Hardwick's crime pursuant to I.C. [§] 19-5304." (Emphasis added.) Contrary to the district court's ruling, Medicaid was neither a named victim nor did the State seek restitution on Medicaid's behalf. Thus, the district court never determined Medicaid suffered any economic loss as a result of Hardwick's crime. Because this factual finding is not supported by substantial and competent evidence, it does not provide factual support for the district court's order. *See State v. Henage*, 143 Idaho 655, 659, 152 P.3d 16, 20 (2007) (holding factual findings unsupported by substantial and competent evidence are clearly erroneous).

Second, the district court did not act consistently with applicable legal standards when it found that there was no mechanism for modifying the restitution order. A trial court has continuing jurisdiction to amend or set aside a judgment until the judgment becomes final. *State v. Jakoski*, 139 Idaho 352, 354-55, 79 P.3d 711, 713-14 (2003). In restitution cases, jurisdiction is explicitly conferred through I.C. § 19-5304(10), which provides: "A defendant, against whom a restitution order has been entered, may, within forty-two (42) days of the entry of the order of restitution, request relief from the restitution order in accordance with the Idaho rules of civil procedure relating to relief from final orders." Idaho Rule of Civil Procedure 60 provides in relevant part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

5

. . . .

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Reading I.R.C.P. 60(b)(5) and (6) together, a party may request relief from a restitution award ordered in a criminal case where the motion is filed within forty-two days of the order and otherwise meets the requirements of I.R.C.P. 60(b). Thus, the district court had authority to modify the restitution order because the motion to modify the order was filed within forty-two days and, thus, the restitution order was not yet final. I.C. § 19-5305(1).

The State complied with the requirements of I.C. § 19-5304(10) by filing the motion to modify the restitution order within forty-two days of the date the restitution order was entered. The motion was to correct the amount of economic loss suffered by St. Luke's and, concomitantly, the amount of restitution Hardwick owed to St. Luke's. In other words, pursuant to I.R.C.P. 60(b)(5) and (6), the judgment had been partially satisfied and it would not be equitable (and would contravene the statute) to require Hardwick to pay restitution on an economic harm not suffered by St. Luke's. Thus, the district court incorrectly concluded that it did not have discretion to enter an amended order and acted outside the bounds of applicable legal parameters when it concluded there was no mechanism by which it could amend an order that had been entered but was not yet final.

Third, the district court failed to reach its decision by an exercise of reason when it concluded the State failed to show the original restitution amount was incorrect. The State provided evidence that the original amount had subsequently been reduced and, as a result, the original amount of restitution no longer reflected the amount of actual economic harm suffered by St. Luke's. The relevant inquiry was not whether the restitution award was correct when entered but, instead, whether the original restitution award was correct in light of the new evidence provided by the State. Accordingly, the district court failed to reach its decision through an exercise of reason.

Finally, the district court's finding that St. Luke's suffered an economic loss in the amount of $1,028.00 as a result of Hardwick's crime is not supported by substantial and competent evidence because the economic loss suffered by St. Luke's was $608.07. On appeal, the State argues that because Medicaid was "entitled to recover its portion of the agreed upon economic

losses incurred as a result of Hardwick's crime through restitution procedures," and the payments did not reduce Hardwick's overall restitution obligation, the district court did not err. We agree that Medicaid likely qualifies as a victim pursuant to the statute and documented the economic loss it suffered as a result of Hardwick's crime. However, the State never included Medicaid as a victim or sought restitution on its behalf. The district court cannot order restitution to a party for whom the State does not seek restitution.[1]  *State v. Johnson*, 167 Idaho 454, 459-61, 470 P.3d 1263, 1268-70 (Ct. App. 2020) (holding crime victims not parties to criminal case even for limited purpose of seeking restitution and therefore lack standing to pursue motion independently of party). Consequently, there is only one named victim in this case and that is St. Luke's. As such, Hardwick is only responsible for the economic loss actually suffered by St. Luke's, which is $608.07. The district court's finding that St. Luke's suffered $1,028.00 was clearly erroneous.

For these reasons, the district court abused its discretion in denying the motion. We vacate the order denying the State's motion to modify restitution and remand the case for further proceedings.

## B.      The District Court Did Not Impose an Excessive Sentence

Hardwick alleges the district court erred by imposing an excessive sentence. Hardwick argues his sentence is excessive because he presented a combination of mitigating factors that warranted a more lenient sentence. The State argues the district court did not err.

Sentencing is a matter for the trial court's discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

---

[1]      Related to this argument, the State invites this Court to remand for "reapportionment" of the restitution award. The State does not reconcile this request with the district court's position that it had no authority to change the restitution order in the first instance. Nevertheless, we reject the State's argument that Medicaid could be awarded restitution at this juncture.

7

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion. Therefore, Hardwick's judgment of conviction and sentence are affirmed.

## IV.

## CONCLUSION

The district court abused its discretion when denying the State's motion to modify the previously entered restitution order. Consequently, the order of restitution is vacated and the case is remanded for proceedings consistent with this opinion. Because the district court did not impose an excessive sentence, the judgment of conviction and sentence are affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.