**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49914**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 29, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KENNETH THOMAS WILSON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault and consecutive, determinate sentence of fifteen years for second degree arson, affirmed; order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Kenneth Thomas Wilson appeals from his judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault and consecutive, determinate sentence of fifteen years for second degree arson. Wilson also appeals from an order for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Wilson and his ex-girlfriend, Jennifer, separated after living together in her house for a short period of time. After the separation, Jennifer stayed with a friend to allow Wilson time to move out. However, when Jennifer returned, accompanied by her sister and a friend, Wilson was still in the

1

house hiding in a closet. When the three individuals entered the home, Wilson pointed a gun at them. In response, one of Jennifer's friends sprayed Wilson with bear spray. Wilson began firing his gun at them, which ignited a fire. Jennifer's sister and friend were able to exit through a window and call law enforcement. After hiding in the house for a period of time, Jennifer jumped out of a window and broke her leg while escaping. Wilson was ultimately taken into custody by members of a SWAT team.

The State charged Wilson with unlawful possession of a firearm, first degree arson, and three counts of aggravated assault. The State also alleged a firearm enhancement and a persistent violator enhancement. Pursuant to a plea agreement, Wilson pled guilty to aggravated assault with a weapon enhancement, I.C. §§ 18-901 and 18-905, and second degree arson, I.C. § 18-803; and the State dismissed the remaining charges. The district court imposed a unified sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault and a consecutive, determinate sentence of fifteen years for second degree arson. The district court also ordered Wilson to pay restitution in the amount of $159,146.06. Wilson moved for reduction of his sentences pursuant to I.C.R. 35, which the district court denied. Wilson appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Wilson argues that the district court abused its discretion by imposing excessive sentences without giving proper weight and consideration to the mitigating factors in his case. Wilson also challenges the district court's restitution order, including the admission of Exhibit 1 offered in support of the restitution request. The State responds that Wilson has failed to show the district court abused its discretion in imposing sentence, admitting Exhibit 1, or ordering restitution. We hold that Wilson has failed to show the district court abused its discretion at sentencing or in relation to the restitution order.

## A.     Excessive Sentences

Wilson argues the district court abused its discretion by imposing excessive sentences. Specifically, Wilson asserts that the district court should have retained jurisdiction or imposed a more lenient fixed term in consideration of his "mental health issues, substance abuse issues and its longstanding impact on his life, and his poor physical health."  The State responds that the district court properly weighed the sentencing factors and that Wilson has failed to show the district court abused its sentencing discretion.  Wilson's sentences are not excessive.

Sentencing is a matter for the trial court's discretion.  Where a sentence is not illegal, the appellant has the burden to show that the sentence is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case.  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  The district court identified the correct legal standards, correctly perceived sentencing as a discretionary decision, acted within the boundaries of its discretion, and exercised reason when imposing Wilson's sentences.  Wilson has failed to show the district court abused its discretion or that his sentences are excessive.

## B.     Admission of Exhibit 1

Wilson argues the district court abused its discretion in admitting Exhibit 1 at the restitution hearing.  According to Wilson, the district court "failed to apply the correct legal standards" in admitting Exhibit 1 because there was insufficient foundation for admission of the exhibit as required by I.R.E. 602.  The State disagrees, contending the district court properly concluded that

Jennifer's testimony provided adequate foundation for admission of Exhibit 1 and that Exhibit 1 was properly considered at the restitution hearing. Wilson has failed to show error in the admission of Exhibit 1.

A trial court has broad discretion concerning the admission of evidence, and its judgment will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992). The party offering an exhibit at a restitution hearing must lay foundation through a witness or witnesses who can identify the proffered items as being connected with the crime for which the restitution is requested. *State v. Simmons*, 120 Idaho 672, 678, 818 P.2d 787, 793 (Ct. App. 1991). However, strict application of evidentiary rules is not required at a restitution hearing. *State v. Card*, 146 Idaho 111, 114, 190 P.3d 930, 933 (Ct. App. 2008). For example, in awarding restitution, a court may consider hearsay. I.C. § 19-5304(6).

The challenged exhibit in this case--Exhibit 1--is a document prepared by Jennifer's homeowner's insurance company that reflects the values of the real property lost as a result of Wilson's criminal conduct. The State sought admission of Exhibit 1 through Jennifer. Wilson objected to admission of Exhibit 1 based on hearsay and insufficient foundation under I.R.E. 602 because the exhibit was not prepared by Jennifer. The district court overruled the hearsay objection, citing I.C. § 19-5304(6), and overruled the I.R.E. 602 objection after concluding it was inapplicable because the State did not ask Jennifer questions about the specific valuations included within Exhibit 1.[1]

Wilson contends Jennifer's testimony "did not provide sufficient foundation" for Exhibit 1 "because she did not have personal knowledge regarding" its creation, "including the final amount owed" to the insurer. Idaho Rule of Evidence 602 provides that a witness may testify to a matter only if there is sufficient evidence to support a finding that the witness has personal knowledge of the matter. In support of the admission of Exhibit 1, Jennifer testified that she was the victim of Wilson's criminal conduct, including damage to her home and vehicles; she had an insurance policy covering her home and vehicles that were damaged as a result of Wilson's criminal conduct; she submitted a claim to her insurer based on that damage; and Exhibit 1 accurately reflects the losses related to the damage caused by Wilson. Exhibit 1 also included a cover letter identifying Jennifer

---

[1] On appeal, Wilson does not challenge the district court's decision overruling his hearsay objection to Exhibit 1.

as the policyholder and Wilson as the accused who committed arson, as well as the date of the offense. Jennifer's testimony was sufficient to support a finding that Jennifer had personal knowledge about Exhibit 1 to support its admission.

Our prior decision in *State v. Doe*, 146 Idaho 277, 192 P.3d 1101 (Ct. App. 2008), supports this conclusion. In *Doe*, this Court considered whether there was sufficient foundation to admit medical bills as exhibits at a restitution hearing. The victim's testimony at the restitution hearing included "general personal knowledge" of the injuries sustained, the treatment received, and that the medical bills represented the cost of treatment. *Id.* at 282, 192 P.3d at 1106. This Court held the victim's testimony was sufficient foundation for the admission of the medical bills as exhibits. Similar to *Doe*, Exhibit 1 included the date of the offense which matched the date of Wilson's criminal conduct, identified Jennifer as the victim, and provided a detailed breakdown of the costs and services underlying the restitution request.

Accordingly, there was sufficient foundation to support the admission of Exhibit 1, and Wilson has failed to carry his burden to show that the district court abused its discretion in admitting the exhibit.

## C. Restitution Order

Wilson argues the "district court abused its discretion by failing to adequately consider his current and future ability to pay" restitution. In support, Wilson argues he "has neither the present nor future ability" to pay restitution, he has "mental and physical impairments [that] adversely impact his employability," and "the biggest concern" with respect to his ability to pay restitution is "the fact that he will have to spend a minimum of twenty-five years in prison," at which point he will be "nearly eighty-five years old." The State responds that the district court properly considered Wilson's ability to pay restitution and "correctly determined that Wilson should be required to pay restitution to all the victims." The district court did not abuse its discretion in awarding restitution.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Although a court should consider the needs and earning ability of the defendant, the immediate inability to pay restitution is not, in

5

and of itself, a reason to deny a restitution request.  I.C. § 19-5304(7); *State v. Olpin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004) (explaining that inability to pay neither precludes nor limits a restitution award but is only one factor to consider when making a discretionary restitution determination).  Unless the trial court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim.  I.C. § 19-5304(2).

The record reflects that the district court considered Wilson's ability to pay, including as it relates to his sentences.  The district court stated:

> I did impose a lengthy sentence for [Wilson], unquestionably and that will limit his ability to pay, no question about it.  But the restitution statute does provide that restitution shall be ordered under certain circumstances and Subsection 5 does indeed provide that the court may order the defendant to pay restitution to the victim in any case regardless of whether the defendant is incarcerated or placed on probation.  And the court may order the defendant to pay all or a part of restitution ordered to the court to be distributed by the court to the victims in the manner the court deems just.
> . . . .
> And I don't know what [Wilson] will be able to do in the future, whether he is able to make restitution payments while he is in prison or outside of prison.  But I am going to order the restitution, finding that the State established the amounts by a preponderance of the evidence and that the named victims . . . are appropriate victims to be awarded restitution.

Because the district court correctly perceived the decision to order restitution as one of discretion, acted within the boundaries of that discretion, in accordance with the applicable legal standards and reached its determination through an exercise of reason, Wilson has failed to show that the district court abused its discretion.

## IV.

## CONCLUSION

Wilson has failed to show that the district court abused its sentencing discretion or abused its discretion in admitting Exhibit 1 and ordering Wilson to pay $159,146.06 in restitution.  Accordingly, Wilson's judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for aggravated assault and his consecutive, determinate sentence of fifteen years for second degree arson as well as the order for restitution are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.