**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40506**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Opinion No. 19** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 10, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JACOB M. TORREZ,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order for restitution and judgment, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GRATTON, Judge

Jacob M. Torrez appeals from the district court's order for restitution and judgment entered following his conviction for aggravated DUI.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A police officer responded to a report of a disturbance at the Kuna Skate Park. Witnesses reported that two men were threatening physical violence against people at the park. The officer located the men walking around a vehicle parked on the side of a road and observed that the men had slurred speech and glassy, bloodshot eyes. The officer identified one of the men as Torrez. The officer instructed the men not to drive and advised them that he would call a taxi. The officer waited for the taxi, but when he returned to where the vehicle had been parked, the vehicle and the men were gone. The vehicle was later involved in a hit and run accident. When

1

officers pursued the vehicle, it hit a tree and rolled numerous times. Torrez, the driver of the vehicle, and the passenger were both severely injured.

Torrez entered an *Alford*[1] plea to one count of felony aggravated DUI, Idaho Code § 18-8006, and the State dropped charges of leaving the scene of an accident and driving without privileges. The plea agreement contemplated that Torrez would agree to pay restitution on all charges. The district court imposed a unified term of ten years with three years determinate.

At a restitution hearing, the State requested the district court to order Torrez to pay a total of $82,837.61 in restitution, including $79,518.55 to Ada County Indigent Services for amounts paid for medical services on behalf of the passenger of the vehicle. Torrez argued that the district court should reduce the restitution amount pursuant to principles of comparative negligence based on the passenger's voluntary act of riding in a vehicle with a person he knew to be intoxicated. The district court declined to apply comparative negligence principles and ordered Torrez to pay restitution as requested by the State, including paying restitution to Ada County Indigent Services in the amount of $79,518.55. Torrez timely appeals.

## II.

## ANALYSIS

Torrez claims that the district court abused its discretion by failing to apply comparative negligence principles in determining appropriate restitution. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Russell*, 126 Idaho 38, 39, 878 P.2d 212, 213 (Ct. App. 1994). The trial court is directed by statute to base the amount of economic loss to be awarded upon the preponderance of evidence submitted to the trial court by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6). The determination of the amount of restitution is a question of fact for the trial court whose findings will not be disturbed if supported by substantial evidence. *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). We will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In the instant case, the State requested that the district court order Torrez to pay $79,518.55 in restitution to Ada County Indigent Services for amounts paid on behalf of the passenger of the vehicle. At the restitution hearing, Torrez argued that the district court should apply comparative negligence principles and reduce the requested restitution amount. The district court declined to apply comparative negligence principles, stating:

> I understand the argument that if this case were to proceed to civil trial, under a tort theory where [the passenger] were suing Mr. Torrez to try to recover all or part of the damages, that the argument is understood that there would be a defense of comparative negligence and that that might reduce any award that a jury might, you know, award to a plaintiff in such a case.
>
> On the other hand, it's certainly as foreseeable that if the case were to have been tried to a civil jury, the jury also would have been presented evidence to support a claim for less tangible losses suffered by [the passenger], such as pain and suffering and loss of enjoyment of life and those sorts of less tangible types of damages, general damages.
>
> And so I'm simply not going to speculate about what--or other than what I've already mentioned, I'm not going to speculate any further about what a civil jury might or might [not] have done in this case.

Thereafter, the district court considered the factors set forth in I.C. § 19-5304(7), including Torrez's potential to earn future income, his own debts and medical bills, his incarceration and indigency, and his potential productive years ahead of him. The district court found that restitution was not undesirable or inappropriate, and ordered Torrez to pay restitution in the amount requested by the State.

On appeal, Torrez argues that I.C. § 19-5304 implicitly requires the district court to apply comparative negligence principles to criminal restitution proceedings. Torrez's claim is one of statutory construction. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The

3

words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).

Idaho's criminal restitution statute is codified as I.C. § 19-5304. Idaho Code §19-5304(2) states:

> Unless the court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any *crime which results* in an economic loss to the victim to make restitution to the victim. An order of restitution shall be a separate written order in addition to any other sentence the court may impose, including incarceration, and may be complete, partial, or nominal. The court may also include restitution as a term and condition of judgment of conviction; however, if a court orders restitution in the judgment of conviction and in a separate written order, a defendant shall not be required to make restitution in an amount beyond that authorized by this chapter. Restitution shall be ordered for any economic loss which the victim actually suffers. The existence of a policy of insurance covering the victim's loss shall not absolve the defendant of the obligation to pay restitution.

(Emphasis added.) Idaho Code § 19-5304(7) establishes the factors the court must consider when awarding restitution:

> The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of economic loss sustained by the victim *as a result of the offense*, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate. The immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution.

(Emphasis added.) Economic loss includes "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses *resulting from the criminal conduct*, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress." I.C. § 19-5304(1)(a) (emphasis added).

Torrez contends that I.C. § 19-5304 implicitly requires a district court to apply comparative negligence principles because the defendant is only responsible for the injuries of a victim that resulted from the defendant's criminal conduct. He points to a case from the California Court of Appeals, *People v. Millard*, 95 Cal. Rptr. 3d 751, 778 (Cal. Ct. App. 2009), for support. In *Millard*, the Court considered whether the doctrine of comparative negligence

4

may be applied to reduce a criminally negligent defendant's obligation to pay restitution to a victim. The Court interpreted the California restitution statute[2] as:

> requiring a criminally negligent defendant to reimburse a victim only to the extent his or her criminal conduct caused the victim's economic losses, thereby implicitly allowing the application of the doctrine of comparative negligence to preclude restitution to the extent the victim's own negligence was a cause of his or her injuries.

*Id.* The Court also stated that "[i]f the doctrine of comparative negligence were not applicable, a criminally negligent defendant could be required to reimburse a victim for economic losses that were comparatively the result or the fault of the victim's own negligence." *Id.*

Torrez requests that this Court follow the *Millard* court's reasoning and require the district court to apply comparative negligence principles in restitution proceedings involving a criminally negligent defendant. He asserts that Idaho's restitution statute is akin to California's statute because both statutes require restitution for economic losses suffered *as a result of the defendant's criminal conduct*. Indeed, Idaho's restitution statute specifically states, "*as a result of the offense*" and "*resulting from the criminal conduct*" (causal language). I.C. §§ 19-5304(7), 19-5304(1)(a). Accordingly, he argues that the causal language in Idaho's restitution statute should be interpreted to prevent a victim from receiving restitution for losses caused by the victim's own negligence. Further, Torrez claims that awarding a negligent victim the full amount of loss makes the causal language in the statute become superfluous. Courts must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011). Thus, Torrez contends the causal language in the restitution statute implicitly requires the district court to apply comparative negligence principles to his restitution proceedings.

---

[2] California's restitution statute, California Penal Code § 1202.4 provides that:

> To the extent possible, the restitution order shall be prepared by the sentencing court, shall identify each victim and each loss to which it pertains, and shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred *as the result of the defendant's criminal conduct* . . . .

Cal. Penal Code § 1202.4(f)(3) (emphasis added).

Accordingly, Torrez asserts that during restitution proceedings the district court must determine whether the defendant was criminally negligent, and if so, whether the victim also was negligent.[3] More specifically, Torrez contends that I.C. § 19-5304 implicitly requires a district court to: (1) determine whether the defendant was criminally negligent; (2) determine to what extent the victim's economic loss resulted from his own negligence; and (3) reduce the restitution award by the amount corresponding to the victim's negligence. Torrez claims that the facts of his case were sufficient to raise the issue of whether the passenger was comparatively negligent; thus, the court abused its discretion by failing to engage in the inquiry.

The State claims that I.C. § 19-5304 does not require the district court to apply comparative negligence principles to restitution proceedings. The State notes that the causal language has already been interpreted by the Idaho Supreme Court to only require a causal connection between the defendant's criminal conduct and the injuries suffered by the victim. In *State v. Corbus*, 150 Idaho 599, 249 P.3d 398 (2011), the Supreme Court referred to the causal language and concluded, "[I]n order for restitution to be appropriate, there must be a causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim." *Id.* at 602, 249 P.3d at 401. The Court then analyzed whether the defendant's conduct was an actual and proximate cause of the victim's injury and whether an intervening cause existed. In *State v. Cottrell*, 152 Idaho 387, 271 P.3d 1243 (Ct. App. 2012), restitution was awarded for the amount of loss that was causally connected to the defendant's criminal conduct. *Id.* at 391-92, 271 P.3d 1247-48. *See also State v. Houser*, 151 Idaho 521, 525, 314 P.3d 203, 207 (Ct. App. 2013) (stating that the causal language in the restitution statute required the State to show a causal relationship between the defendant's criminal conduct and the damages suffered by the victim); *State v. Nienburg*, 153 Idaho 491, 495, 283 P.3d 808, 812 (Ct. App. 2012) (restitution may only be ordered if there is a causal connection between the defendant's conduct and the loss suffered by the victim); *State v. Shafer*, 144 Idaho 370, 372, 161 P.3d 689, 691 (Ct.

---

[3] Torrez arrives at this conclusion by relying on I.C. § 18-114, which states, "In every crime or public offense there must exist a union, or joint operation, of act and intent, or *criminal negligence*." (Emphasis added.) He acknowledges that intentional acts are not subject to comparative negligence principles. *See Burgess v. Salmon River Canal Co., Ltd.*, 119 Idaho 299, 309, 805 P.2d 1223, 1233 (1991). However, he contends that this reference to "criminal negligence" in the union of act and intent statute requires the court to compare responsibility in the restitution setting.

6

App. 2007) (where the restitution award was not upheld because the victim's injuries occurred during a vehicle accident and the defendant's criminal conduct occurred afterwards when the defendant left the scene of the accident). Accordingly, the State contends that the plain language of the statute does not provide for comparative negligence principles to apply to restitution hearings.

Further, the State argues that the purpose of the criminal restitution statute would be compromised if comparative negligence were applied. One of the purposes of the restitution statute is to obviate the need for victims to incur the cost and inconvenience of a separate civil action in order to gain compensation for their losses. *State v. Parker*, 143 Idaho 165, 167, 139 P.3d 767, 769 (Ct. App. 2006); *State v. Waidelich*, 140 Idaho 622, 624, 97 P.3d 489, 491 (Ct. App. 2004). The State claims that applying comparative negligence to the restitution proceedings would result in prolonged evidentiary hearings regarding the comparative negligence of victims. The State also asserts that conducting comparative negligence analysis of the victim when a defendant had already been convicted of criminal conduct would defeat the purpose of rehabilitation and deterrence. Moreover, the State contends that if the legislature wished to limit the amount of restitution awarded by applying comparative negligence principles, it could have done so by including the victim's fault within the I.C. § 19-5304(7) factors or by including a provision allowing defendants challenging restitution to assert any defense it could raise in a civil action.[4] Lastly, the State claims that even if comparative negligence principles applied, the district court could only reduce the amount of restitution awarded to the passenger and not the amount of restitution awarded to Ada County Indigent Services, as Ada County Indigent Services was in no way comparatively negligent.[5]

---

[4] For instance, Montana has a statute which states, "In the proceeding for the determination of the amount of restitution, the offender may assert any defense that the offender could raise in a civil action for the loss for which the victim seeks compensation." Mont. Code Ann. § 46-18-244(2).

[5] Ada County Indigent Services was awarded restitution in the amount of $79,518.55 for medical services paid on behalf of the passenger. At the restitution hearing, the State informed the court that it filed a lien against the passenger, on behalf of Ada County Indigent Services, to recover the amount paid for his medical services. The State then argued that Ada County Indigent Services was a victim pursuant to I.C. § 19-5304(1)(e)(i) because the passenger was ultimately responsible for the amount paid and the passenger was directly harmed by Torrez's actions. The State also argued that Ada County Indigent Services was a victim pursuant to I.C.

7

There is no Idaho case law discussing whether the plain language of I.C. § 19-5304 requires the district court to apply comparative negligence principles. The Idaho Supreme Court discussed the difference between restitution proceedings and civil actions in *State v. Straub*, 153 Idaho 882, 292 P.3d 273 (2012):

> The restitution statute was never meant to be a substitute for a civil action where the law is settled as to damages and the quantum of admissible proof needed to prove those damages. If we allow all foreseeable damages to be clothed in criminal restitution, we will draw to a standstill an already overburdened criminal court process. Prosecutors and criminal defense attorneys would then have to engage in civil discovery and trials of a civil nature on top of already complex criminal procedure and trials.

*Id.* at 890, 292 P.3d at 281. This Court has stated that "[t]he clear purpose of I.C. § 19-5304 is to obviate the need for a separate civil action in order to compensate crime victims." *Waidelich*, 140 Idaho at 624, 97 P.3d at 491. Moreover, although a restitution hearing somewhat replaces a separate civil action, it is not equivalent to a civil action.[6] For instance, in the restitution statute, the legislature restricted the amount of restitution that could be awarded by specifically excluding non-economic damages such as "pain and suffering, wrongful death or emotional distress." I.C. § 19-5304(a). However in a civil action, those non-economic damages are allowed. *See* Idaho Jury Instruction 9.01. Therefore, we cannot assume that the legislature intended a restitution hearing to incorporate the same principles as a civil action regarding damages. In this light, if the legislature intended to require a comparative negligence analysis, it would have done so expressly.

---

§ 19-5304(1)(e)(iv) because it suffered economic loss as a result of making medical payments on the passenger's behalf. The district court concluded that Ada County Indigent Services was a victim, pursuant to I.C. § 19-5304(1)(e)(iv), and that the passenger was also a victim, pursuant to I.C. § 19-5304(1)(e)(i), because he had suffered economic loss in the amount of $79,518.55 by having the lien filed against him. The State contends that Ada County Indigent Services was determined to be a victim in its own right, which Torrez has not challenged on appeal. Since no argument could be made that it was somehow comparatively negligent, there is no basis to reduce its award.

[6] Indeed, an order of restitution does not preclude the victim from seeking any other legal remedy. I.C. § 19-5304(11).

Additionally, the Idaho Supreme Court has declined to "infuse the crime of aggravated DUI with the element of gross negligence as defined in I.C. § 18-114." *State v. Johnson*, 126 Idaho 892, 895, 894 P.2d 125, 128 (1995). The Supreme Court stated that the crime of aggravated DUI only required the State to prove that the defendant operated a vehicle while under the influence of alcohol and that such conduct caused serious bodily harm to another person. *Id.* at 895-96, 894 P.2d 128-29. There is no indication that the Supreme Court, after refusing to incorporate civil negligence principles into the crime of aggravated DUI, would decide to apply civil comparative negligence principles into criminal restitution proceedings.

States are split on whether their state statutes require or allow the district court to apply comparative negligence in restitution proceedings. As Torrez points out, California allows comparative negligence principles to apply in restitution proceedings. *See Millard*, 95 Cal. Rptr. 3d at 778. Utah has similarly stated:

> We further note that section 78-38a-302(2)(a) defines complete restitution as that "necessary to compensate a victim for all losses *caused* by the defendant." A trial judge cannot decline to consider evidence that a victim's losses were caused, not by a defendant, but by the victim's own negligence, or indeed the negligence of some other person in its determination of *complete restitution*.

*State v. Laycock*, 214 P.3d 104, 113 n.4 (Utah 2009).

Other states have declined to apply comparative negligence principles to restitution hearings. For instance, in *People v. Johnson*, 780 P.2d 504 (Colo. 1989), the Colorado Supreme Court stated that "[t]he statutory scheme, in other words, does not require the sentencing court to determine a defendant's criminal liability for restitution in accordance with the strict rules of damages applicable to a civil case." *Id.* at 507. The Colorado Court of Appeals clarified this statement when it declared, "the supreme court rejected the contention that a victim's 'comparative negligence' should be considered when determining the amount of such restitution." *People v. Duran*, 991 P.2d 313, 314 (Colo. App. 1999). Additionally, the Washington Court of Appeals declined to apply comparative negligence to restitution proceedings: "Similarly there is no statutory authority for comparing the negligence of the victim with that of the offender. The trial court did not abuse its discretion in refusing to do this." *State v. Morse*, 723 P.2d 1209, 1210 (Wash. Ct. App. 1986).

As discussed above, when a defendant is convicted of a crime that results in economic loss to a victim, the district court is required to order restitution unless restitution would be

inappropriate or undesirable. I.C. § 19-5304(2). In doing so, the district court must take into consideration the factors discussed in I.C. § 19-5304(7), including "other factors as the court deems appropriate." I.C. § 19-5304(7). The district court is allowed, under its broad discretion, to apply comparative negligence-type principles as part of its consideration of the I.C. § 19-5304(7) "other factors" in determining if restitution is appropriate and desirable.[7] Given the court's broad discretion, it may consider comparative negligence-type principles so as to render a fair restitution order consistent with the victim's harm actually caused by the defendant's conduct. However, whether to apply comparative negligence-type principles is in the discretion of the district court and is not strictly required as asserted by Torrez.

Here, the district court recognized that the statute allowed it to determine, using its broad discretion, whether to consider other factors it deemed appropriate. The court considered Torrez's argument regarding the application of comparative negligence principles to his restitution proceedings and, using its discretion, determined that the passenger's comparative negligence was not a factor it would consider. However, the district court did consider the mandatory factors discussed in I.C. § 19-5304(7). Thus, the district court acted consistently with applicable legal standards. Accordingly, we conclude that the district court did not abuse its discretion in ordering Torrez to pay $79,518.55 in restitution to Ada County Indigent Services.

## III.

## CONCLUSION

Torrez has failed to demonstrate reversible error in regard to the district court's order of restitution. Accordingly, the district court's restitution order entered following Torrez's conviction for aggravated DUI is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[7] We note that the issue of whether comparative negligence principles apply in restitution proceedings was not determined in our recent decision, *State v. Eddins*, __ Idaho __, __ P.3d __ (Ct. App. Feb. 10, 2014) (*review pending*), as this issue was not presented to the Court in that case.