**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50423**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ELAINA RILEE BENNETT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Restitution order, reversed; case remanded.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Elaina Rilee Bennett appeals from the restitution order. Following a mediated plea agreement, in exchange for reducing one count of aggravated assault, Idaho Code §§ 18-901, -905, and one count of felony malicious injury to property, I.C. § 18-7001(2), to two counts of misdemeanor malicious injury to property, I.C. § 18-7001(1), Bennett agreed to plead guilty to the reduced charges and to pay all restitution arising from charged, uncharged, and dismissed crimes. The district court ordered Bennett to pay $500 to Doug Jones, the owner of the residence Bennett damaged, and $15,333.84 to Jones' insurer, Foremost Insurance. On appeal, Bennett does not challenge the restitution amount to Foremost Insurance but challenges the $500 restitution she was ordered to pay to Jones, arguing the State failed to provide sufficient evidence of the actual financial loss, if any, suffered by Jones. The State contends the actual financial loss was sufficiently established through testimony from the insurance agent during the evidentiary hearing.

1

For the following reasons, we affirm the $15,333.84 restitution award to Foremost Insurance, reverse the $500 restitution award to Jones, and remand the case for proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bennett was charged with aggravated assault and felony malicious injury to property. Bennett entered a not guilty plea. Following court-ordered mediation, the parties entered into a plea agreement wherein Bennett agreed to plead guilty to two amended counts of misdemeanor malicious injury to property. In addition, Bennett "agree[d] to pay restitution on all charged/uncharged or dismissed crimes covered by this agreement." At the change of plea hearing, the district court asked if the State was seeking restitution, and the State responded, "Your Honor, we filed an envelope yesterday.[1] I believe it's somewhere around $15,000." The court asked Bennett's counsel whether the request had been reviewed, and Bennett's counsel replied, "I have the top line number, but I haven't reviewed, like, the details."

The district court sentenced Bennett to a consecutive sentence of 365 days of jail for each misdemeanor, suspended the sentences, and placed Bennett on probation. At sentencing, the district court addressed restitution, but because Bennett objected to the amount, the court set an evidentiary hearing. Following the evidentiary hearing, the court set a final restitution hearing. At the final restitution hearing, the district court entered a restitution order in the amount of $15,833.84; $500 to Jones and $15,333.84 to Foremost Insurance. Bennett appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution,

---

[1]     It appears that the "envelope" referred to by the State was the restitution order and all the documents in support of the restitution order. The restitution order entered by the district court bears the caption of the prosecutor's office and attached thereto is a Loss Statement Request for Restitution from the insurance company in the amount of $15,333.84 dated October 14, 2022, with an attached document from the insurance company; a three-page settlement letter dated May 23, 2022, with fifteen pages of attachments detailing the repairs and/or the costs associated with the repairs; a one-page payment log; a Loss Statement Request for Restitution in the amount of $500 submitted by Jones on May 26, 2022; and another copy of the May 23, 2022, settlement letter and attachments.

and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The amount of restitution to award is a question of fact for the district court, whose findings will not be disturbed if supported by substantial evidence. *State v. Oxford*, 167 Idaho 515, 525, 473 P.3d 784, 794 (2020). Substantial evidence is relevant evidence as a reasonable mind might accept to support a conclusion. *Id.*

### III.

### ANALYSIS

Bennett contends the district court abused its discretion by ordering $500 in restitution to Jones because the award was not supported by substantial evidence. Bennett argues the State, despite multiple opportunities to file the appropriate documentation to support the restitution request, presented insufficient evidence to show Jones suffered actual financial loss. The State contends substantial and competent evidence was presented through the testimony of the insurance agent.

Idaho Code Section 19-5304(6) requires parties "to present such evidence as may be relevant to the issue of restitution." I.C. § 19-5304(6). The district court must base a restitution award on the preponderance of the evidence submitted by the prosecutor, defendant, victim, or presentence investigator. *Oxford*, 167 Idaho at 525, 473 P.3d at 794. In *Oxford*, the Idaho Supreme Court held there was insufficient evidence to support the restitution award because only a single page of unsworn statements was submitted as evidence. *Id.* at 526, 473 P.3d at 795. The single page did not describe the services provided or the date of the services, and therefore, failed to

3

substantiate the basis for the restitution award under I.C. § 19-5304. *Oxford*, 167 Idaho at 526, 473 P.3d at 795.

At the change of plea hearing in this case, when asked about restitution, the prosecutor responded, "Your Honor, we filed an envelope yesterday. I believe it's somewhere around $15,000." Thereafter, at the restitution evidentiary hearing, the district court first questioned what amount of restitution the State could seek for misdemeanor charges based on *State v. Adams*, 171 Idaho 347, 521 P.3d 735 (2022), which held that the trial court abused its discretion in ordering restitution on a misdemeanor conviction in excess of the statutory amount associated with misdemeanors. The State made clear that Bennett's case was not subject to the statutory limit of restitution for misdemeanor convictions because Bennett's case had resolved in mediation and that one of the key elements of the agreement was that Bennett would agree to pay the full amount of restitution in exchange for a reduction of the felony malicious injury charges to misdemeanor malicious injury charges. The State further noted that if Bennett had not agreed to pay the full restitution, there was "zero chance" the State would have reduced the felony charges to misdemeanors.

At the restitution evidentiary hearing, only two exhibits were admitted--emails between the prosecutor and Bennett's attorney regarding the proposed plea agreement and Bennett's acceptance of the agreement. In addressing the amount of restitution, the State explained that the amount of restitution was testified to at the preliminary hearing[2] and was around $15,000. The State also referenced the "filed" documents: "My understanding was--so the amount, exact amount, was known at the time of change of plea and the sentencing. It had been submitted prior."

Thereafter, the insurance agent testified to and was cross-examined about the extent of the damages caused by Bennett and the corresponding costs as determined by the insurance company. When the agent could not recollect the exact amounts, the State showed the agent a copy of the settlement letter the insurance company previously sent to Jones that itemized the total replacement cost, less the depreciation and the deductible amount. The settlement letter was an attached document to the restitution order. From that document, the insurance agent testified the total damage was $16,479.67, but the policy included a non-recoverable reduction for depreciation of "about $650." The payment was reduced by that amount as well as by Jones' deductible. The

[2] The amount of restitution testified to at the preliminary hearing was $16,000.

4

insurance agent did not testify about the amount of the deductible, whether it had been paid, or, if paid, who paid it. The district court set a final restitution hearing. At the final restitution hearing, the district court entered a restitution order in the amount of $15,833.84; $500 to Jones and $15,333.84 to Foremost Insurance.

Although the policy behind restitution favors full compensation to crime victims who suffer economic loss, on appellate review, we must determine whether the preponderance of the evidence admitted supports the restitution award. Despite the State's and the district court's assertions that the "envelope" had been filed, it had not. Because the documents were neither filed nor admitted and the insurance agent did not testify about the deductible amount, there was not substantial evidence presented regarding the $500 deductible awarded by the district court. Consequently, we vacate the $500 restitution award to Jones.

Next, we must determine whether the case should be remanded for further proceedings or whether the restitution order without the deductible amount should remain in place. Bennett argues that this case should not be remanded to the district court for any further proceedings because, like in *Oxford*, the State should not be given another opportunity to present evidence on the amount of the deductible when it had multiple opportunities to do so but did not. We find this case distinguishable from *Oxford* for several reasons and that a remand for a limited purpose is appropriate in this case.

In *Oxford*, Oxford objected to the restitution ordered because the State failed to provide substantial evidence showing an actual connection between the payment made to the victim and the criminal conduct. *Oxford*, 167 Idaho at 524, 473 P.3d at 793. The district court conditionally overruled the objection and gave the State additional time to support the order of restitution, which the State failed to do. *Id*. at 524-25, 473 P.3d 793-94. However, the conditional restitution order remained in place and Oxford appealed. *Id.* at 525, 473 P.3d at 794. The Supreme Court held the appropriate remedy for a restitution order not supported by substantial evidence is either to vacate or remand for further evidence to support the order, depending on the circumstances. *Id.* at 526, 473 P.3d 795. The Court determined that because the State had repeated opportunities to provide evidentiary support--prior to sentencing when it made its initial request, at the sentencing hearing, at the restitution hearing, and after the restitution hearing during a three-week extension for filing additional evidence--and failed to do so, to provide yet another opportunity would be improper.

5

*Id.* Therefore, the Court determined the appropriate remedy was to vacate the restitution order. *Id.*

Unlike *Oxford*, Bennett agreed to pay restitution as part of her plea agreement. Also, unlike *Oxford*, the State did not disregard multiple opportunities to file supporting documentation for its restitution request. Here, the State indicated that it filed the "envelope" containing the restitution order and supporting documents and the parties all relied on the documentation throughout the restitution proceedings.

The fact that all the parties thought the restitution order and supporting documents were already filed is supported by the record. First, at the change of plea hearing when asked about restitution, the prosecutor responded, "Your Honor, we filed an envelope yesterday. I believe it's somewhere around $15,000." Second, and also at the change of plea hearing, Bennett's counsel stated he had reviewed "the top line number, but I haven't reviewed, like, the details." Third, at the sentencing hearing, Bennett said she had already paid the deductible. Fourth, at the initial restitution hearing, the district court referenced the documents, noting "I did review the documents submitted along with the request." Fifth, at the restitution evidentiary hearing, the prosecutor noted that Bennett knew what the amount of restitution was because the restitution "had been submitted prior" to the change of plea hearing. Finally, at the last restitution hearing, the district court stated: "The State filed a proposed restitution order requesting $500 for the victim Douglas Jones and $15,334.84 for Foremost Insurance," and the court signed and issued the State's restitution order with the attached documents.

The district court, the State, and Bennett all proceeded as if the documentation supporting the restitution request was filed. A reasonable inference is that the "envelope" to which the State refers was not filed but was provided to Bennett and the district court. As outlined above, the record reflects that the court, the State, and Bennett all thought the restitution order and supporting documents were filed. The parties' assumption and procedural history of the case explain why that portion of the restitution order relating to the amount of the deductible should be remanded for further proceedings. Thus, although we vacate the $500 restitution amount, in light of the procedural history, we remand the case for further proceedings regarding that portion of the restitution award.

## IV.

## CONCLUSION

We affirm the restitution award in the amount of $15,333.84 to Foremost Insurance. The $500 restitution award to Jones is vacated, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.