## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50484

| | |
|---|---|
| STATE OF IDAHO,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>KAREN FULLBRIGHT,<br><br>   Defendant-Appellant. | )<br>) **Filed:  September 17, 2024**<br>)<br>) **Melanie Gagnepain, Clerk**<br>)<br>) **THIS IS AN UNPUBLISHED**<br>) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick J. Miller, District Judge.

Order for restitution, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Karen Fullbright appeals from an order for restitution.  Fullbright asserts the district court abused its discretion by ordering $1,400 in restitution.  We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Following a trial, Fullbright was convicted of two counts of felony grand theft for taking and using K.N.'s (Fullbright's ex-husband) Wells Fargo debit card to withdraw $1,400 from the Wells Fargo account.  The district court sentenced Fullbright to a unified sentence of eight years, with two years determinate, but suspended the sentence and placed her on probation.  Fullbright

1

appealed. This Court affirmed Fullbright's judgment of conviction and sentence in an unpublished opinion.[1]

While the appeal was pending, the State moved for a restitution order. At the conclusion of the restitution hearing, the district court found that the State presented sufficient evidence that Fullbright withdrew $1,400 in cash from K.N.'s Wells Fargo account and that those funds were never returned nor were the transactions canceled. The district court also found that Wells Fargo was the victim pursuant to Idaho Code § 19-5304(1)(e)(i), as it dispersed the cash to Fullbright. The district court rejected Fullbright's argument that she did not have the ability to pay the restitution. The district court issued a final restitution order in the amount of $1,400. Fullbright timely appeals from the district court's restitution order.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.     Wells Fargo is a Victim

Fullbright argues that the district court did not act consistently with the applicable legal standards because the State failed to present sufficient evidence that Wells Fargo qualified as a victim under I.C. § 19-5304(1)(e). Fullbright contends that there is no evidence to support the finding that she took Wells Fargo's money and that the evidence showed that K.N., not Wells Fargo, was the directly injured victim. Fullbright argues that Wells Fargo did not qualify as a direct victim under I.C. § 19-5304(1)(e)(i) because it did not suffer an "economic loss as a result" of Fullbright's criminal conduct. The State argues that the district court properly determined that Wells Fargo qualified as a victim. We agree that Wells Fargo is a victim.

---

[1]     *See State v. Fullbright*, Docket No. 50080 (Ct. App. Aug. 31, 2023).

For purposes of the restitution statute, the term "victim" means, in relevant part: "a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e)(i). At the restitution hearing, the State presented a letter from Wells Fargo containing a list of transactions made with K.N.'s debit card, including two withdrawals of $700 made by Fullbright directly from Wells Fargo. Fullbright argues that Wells Fargo's claim letter does not indicate that Wells Fargo gave its own money to Fullbright. Rather, the letter indicates only that K.N. filed a claim for two cash withdrawals for $700 and that Wells Fargo was requesting that amount in restitution.

The district court determined that Wells Fargo qualified as a victim under I.C. § 19-5304(1)(e)(i) because "Wells Fargo dispersed cash to [Fullbright] twice through an ATM in the amount of $700 each for a total of $1,400." It also found that Wells Fargo "suffered the loss" when Fullbright made the two $700 ATM withdrawals. These amounts are confirmed by the letter from Wells Fargo that indicated that it had suffered an economic loss and was requesting restitution for that loss. The district court found that there was substantial evidence in the record to support the finding that the money withdrawn by Fullbright could not have been canceled like a fraudulent credit card charge, making restitution necessary because it was withdrawn as cash and Wells Fargo never sought reimbursement of the cash from K.N., making Wells Fargo a victim.

Fullbright also argues that the State did not present sufficient evidence that Wells Fargo was a "victim" under I.C. § 19-5304(1)(e)(iv) and that the record is "devoid" of any evidence to show Wells Fargo suffered economic loss because it "made payments" to the victim "pursuant to a contract." *State v. Cheeney*, 144 Idaho 294, 299, 160 P.3d 451, 456 (Ct. App. 2007). Fullbright argues that the State offered no testimony from K.N. or a Wells Fargo employee on whether Wells Fargo reimbursed K.N. for the two cash withdrawals pursuant to a contract. The State argues that *Cheeney* is not controlling in this case because I.C. § 19-5304(1)(e)(iv) has been amended since *Cheeney* to include a second option besides a contractual relationship. The statute was amended in 2008 and reads:

> A person or entity who suffers economic loss because such person or entity has made payments to or on behalf of a directly injured victim pursuant to a contract including, but not limited to, an insurance contract, *or payments to or on behalf of a directly injured victim to pay or settle a claim or claims against such person or entity in tort or pursuant to statute and arising from the crime*.

I.C. § 19-5304(1)(e)(iv) (emphasis added). In reviewing the record, it is not clear that the district court based its decision, in part, on I.C. § 19-5304(1)(e)(iv). However, because the district court concluded that Wells Fargo was a victim under I.C. § 19-5304(1)(e)(i), it is unnecessary to determine whether the district court erred in finding that Wells Fargo was a victim pursuant to I.C. § 19-5304(1)(e)(iv). For the reasons stated above, Fullbright did not meet her burden in showing the district court abused its discretion in finding Wells Fargo was a victim.

**B.     Ability to Pay**

Fullbright next claims that the district court did not "exercise reason" by ordering restitution because "it should have given more weight to her inability to pay." In support of her claim, Fullbright points to her testimony that she was unable to work due to a back injury, her sole sources of income were social security and food stamps, and she also had significant debt and bills. The State responds that the restitution award was proper because the district court recognized the distinction between immediate and foreseeable ability to pay and the "district court correctly weighed all [the] factors before issuing its restitution order."

The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Although a court should consider the needs and earning ability of the defendant, the immediate inability to pay restitution is not, in and of itself, a reason to deny a restitution request. I.C. § 19-5304(7); *see also State v. Olpin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004) (explaining that inability to pay neither precludes nor limits a restitution award but is only one factor to consider when making a discretionary restitution determination). Unless the trial court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim. I.C. § 19-5304(2).

The record reflects that the district court considered that Fullbright might not have "the immediate ability to pay" and perhaps "has the immediate inability to pay," considered the factors set forth in I.C. § 19-5304(7) and determined that Fullbright's "immediate inability to pay restitution" was not a reason to not order restitution. Fullbright testified at the restitution hearing

4

that she had a back injury that limited her ability to work and might require surgery, the district court found that there was "no evidence that the injury is other than temporary." Additionally, the district court found that Fullbright was "able-bodied and employable" and would be able to pay the $1,400 restitution "even if it has to be paid over time." It is in the district court's discretion to determine how much weight to place on Fullbright's ability to pay the restitution, and the foreseeable ability to pay is not the only factor that a court can rely on to make an order of restitution. "The exercise of discretion must encompass consideration of the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and other factors deemed appropriate by the court." *State v. Hamilton*, 129 Idaho 938, 942, 935 P.2d 201, 205 (Ct. App. 1997). Because the district court correctly perceived the decision to order restitution as one of discretion, acted within the boundaries of that discretion in accordance with the applicable legal standards and reached its determination through an exercise of reason, Fullbright has failed to show that the district court abused its discretion.

## IV.

## CONCLUSION

Fullbright has failed to show an abuse of discretion in the district court's restitution order. Accordingly, the district court's restitution award of $1,400 to Wells Fargo is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.