# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51360

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 9, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MARLO RAYMOND CAMPOS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) **SUBSTITUTE OPINION** |
| | ) **THE COURT'S PRIOR OPINION** |
| | ) **DATED NOVEMBER 14, 2025,** |
| | ) **IS HEREBY WITHDRAWN** |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Order revoking probation <u>affirmed</u>; order awarding restitution, <u>reversed</u> <u>and</u> <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Marlo Raymond Campos appeals from the district court's order revoking his probation and order awarding restitution. We affirm the order revoking his probation and reverse and remand the order awarding restitution.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2022, Campos threatened a woman and her fifteen-year-old daughter with a knife. Campos entered a guilty plea to aggravated assault, and the district court sentenced him to a unified term of two years, with a minimum period of confinement of one year. However, the district court suspended the sentence and placed Campos on probation. That afternoon, Campos

1

reported to the probation office and was ultimately charged with additional offenses based on his behavior at that office. The State then sought revocation of Campos's probation. The district court held a hearing and revoked Campos's probation. Following the disposition on the probation violation, a hearing regarding restitution was conducted. The district court entered an order requiring Campos to pay restitution to the victim in the amount of $300. Campos appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Torrez*, 156 Idaho at 120, 320 P.3d at 1279. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## II.

## ANALYSIS

### A. Appealable Order

Campos's notice of appeal and amended notice of appeal indicate he was appealing from "the Disposition Judgment, Probation Violation(s) entered on November 9, 2023." Campos asserted that he intended to raise two issues on appeal: "whether the [district] court abused its discretion by finding [he] has violated the terms and/or conditions of his probation in this matter" and "whether the [district] court abused its discretion by imposing [his] original sentence in this matter."

In his appellant's brief, Campos does not present any argument or authority addressing the probation violation. Idaho Appellate Rule 17(e) provides that a notice of appeal must contain the

designation of appeal and a copy of the judgment or order appealed from. Pursuant to I.A.R. 11(c), in criminal proceedings an appeal may be made as a matter of right from final judgments of conviction and any order made after judgment affecting the substantial rights of the defendant or the State. However, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, we will not address the issue of the order revoking Campos's probation.

On November 6, 2023, following a hearing on restitution, the district court entered an order requiring Campos to pay restitution which was separate from the order revoking probation. Campos's appellate brief focuses only on restitution and argues that the district court erred. Restitution is not included in the order Campos appealed from--the order revoking probation. However, I.A.R. 17(e)(1)(B) provides that the "notice of appeal shall designate and have attached to it a copy of the judgment or order appealed from" which will be deemed to include on appeal all "final judgments and orders entered prior to the judgment or order appealed from for which the time for appeal has not expired." Campos did not include the issue of restitution in the preliminary statement of the issues on appeal. "A preliminary statement of the issues on appeal which the appellant then intends to assert in the appeal" is required in the notice of appeal, "provided, any such list of issues on appeal shall not prevent the appellant from asserting other issues on appeal." I.A.R. 17(f). The language of these rules allows an appellant to appeal an order and then change the entirety of the argument in the briefing. While this may be an error in the language of the Idaho Appellate Rules that has yet to be corrected, it does not preclude Campos from challenging the order of restitution in his appellant's brief even though he appealed from and included in his preliminary statement of the issues on appeal an entirely separate order than the order he now desires to pursue. We address the merits of his argument on appeal below.

**B.      Order for Restitution**

On appeal, Campos argues the district court abused its discretion by ordering $300 in restitution to the victim and the order for restitution should be reversed without remand. The State responds that the district court did not abuse its discretion and, in the event that there was an error, the proper remedy would be to reverse the restitution order and remand for further proceedings. We agree that further proceedings are required to determine the correct amount of restitution owed to the victim.

3

On the day of the first restitution hearing, the State filed a proposed order of restitution with the district court, awarding $466 to the victim. The order of restitution was accompanied by a request for restitution, also for $466, which was signed by the victim under penalty of perjury but was not sworn or notarized. This request included a billing statement from a radiologist for a "CTA CHEST W/CONT," costing $326 and performed ten months after Campos committed the aggravated assault. In addition, the request included a billing statement from a health services office for various office visits, multiple pregnancy tests, and a vaccination. The district court denied the proposed order of restitution in its entirety but did not include a reason for the denial. While there is no transcript in the record for this first restitution hearing, the court minutes reflect that the hearing was continued because the State was unable to contact the victim to attend. The minutes also show the district court directed the State to review the restitution order with the victim. After the continuance, a second restitution hearing was held.

At the second restitution hearing, the district court stated that the first restitution hearing had been continued because the billing statements submitted "showed things that had nothing to do with the case involving [Campos]." The State explained the billing statement from the radiologist could be considered because the victim "did go in for a panic attack due to the anxiety of this, did get a chest CT with contrast for $326" but agreed that the billing statement from the health services office was "not appropriate." The State then requested restitution in the amount of $326, which the district court granted.[1] The victim was present at the second restitution hearing but did not testify. The only evidence in support of the restitution amount was the radiology billing statement for $326, the request for restitution in the amount of $466, and the State's representation to the district court about the reason for the CT scan.

Idaho Code Section 19-5304(6) provides:

> Restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court. Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. Each party shall have the right to present such evidence as may be relevant to the issue of restitution, and the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court.

---

[1] The district court's written order of restitution is for $300, rather than $326 as it orally granted, but there is no explanation in the record for this discrepancy.

The less rigorous evidentiary requirement of the restitution statute allowing the trial court to consider hearsay does not change the necessity that the trial court's findings be supported by substantial evidence. *State v. Card*, 146 Idaho 111, 114, 190 P.3d 930, 933 (Ct. App. 2008). The trial court must base the amount of economic loss to be awarded upon the preponderance of the evidence submitted to the court by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *Card* 146 Idaho at 114, 190 P.3d at 933. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013). While the State's representation about the necessity of the CT scan might be true, it lacked foundation. Without foundation, reliance on the State's claim is neither competent nor sufficient to prove that the CT scan--performed over ten months after the assault--was caused by or necessary because of the aggravated assault. Accordingly, we reverse the order of restitution.

Campos further contends that this Court should not remand for further proceedings in order to allow the State to present evidence to support the claim for restitution. Campos alleges the appropriate remedy is to reverse the order of restitution without remanding it where the State has had ample time and numerous chances to support the restitution award. *See State v. Oxford*, 167 Idaho 515, 526, 473 P.3d 784, 795 (2020) (reversing the order of restitution without remand because the State had multiple opportunities to support the restitution award). In *Oxford*, this Court explained that the State had several appropriate opportunities to present sufficient evidence, including "prior to the sentencing when it made its initial request, at the sentencing hearing, at the restitution hearing, and after the restitution hearing during the three-week extension allowed by the district court for filing additional evidence." *Id.* at 526, 473 P.3d at 795. The *Oxford* case is not analogous with this case.

Here, the first restitution hearing was continued because the victim was not present. At the second restitution hearing, the victim was present with an interpreter, but it appears from the record that the district court ordered restitution without allowing the State an opportunity to call witnesses.[2] The district court abused its discretion where it decided the matter in favor of the State

---

[2]     This Court recognizes that it would have been prudent for the State to have specifically requested the opportunity to call witnesses, particularly to raise the issue on the record. However,

without requiring the State to present sufficient evidence. Under these unusual circumstances, we will remand to allow the State to present evidence to support the claim of restitution.

## III.

## CONCLUSION

Campos did not present any argument on appeal regarding the order revoking his probation. Accordingly, the order revoking Campos's probation is affirmed. Campos has shown the district court erred in awarding restitution without allowing the State to present sufficient evidence to support the order of restitution. Therefore, the order of restitution is reversed and the case is remanded for proceedings consistent with this opinion.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.

---

the State did inform the district court that the victim and an interpreter were present but the district court decided the matter without hearing from the victim.